United States District Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALL ABOUT PROPERTY, LLC, § § *Plaintiff,* § § v. § § U.S. BANK NATIONAL ASSOCIATION § § *Defendant.* § | CIVIL ACTION NO. 4:23-cv-2984 |

## ORDER

Pending before the Court is Defendant U.S. Bank National Association ("Defendant" or "U.S. Bank")'s Motion to Dismiss. (Doc. No. 5). Plaintiff All About Property, LLC ("Plaintiff" or "AAP") responded in opposition (Doc. No. 7), and U.S. Bank replied (Doc. No. 8). Having considered the motions, pleadings, and applicable law, the Court hereby GRANTS U.S. Bank's Motion to Dismiss.

### I.  Background

Homeowner LaShaunda E. Randolph was delinquent on both her HOA assessments and her purchase-money mortgage held by U.S. Bank. *See* (Doc. No. 1-4 at 2–4). On April 5, 2023, the homeowners' association ("HOA") noticed property described as being owned by Randolph and "commonly identified as 7716 Challie Lane, Houston, Texas 77088" for a May 2, 2023 foreclosure sale. (*Id.* at 4, 29). The HOA foreclosure sale notice contained the following legal description for 7716 Challie Lane:

> A TRACT OF LAND CONTAINING 0.0292 ACRE (1,270 SQUARE FEET) KNOWN AS LOT 13, BEING OUT OF A CERTAIN CALLED 0.6982 ACRE TRACT DESIGNATED AS TOWNHOUSE RESERVE "F" OUT OF UNRESTRICTED RESERVE "C", IN BLOCK 6 OF THE REPLAT OF INWOOD FOREST, SECTION 13, ACCORDING TO THE MAP OR PLAT THEREOF

> RECORDED IN VOLUME 200, PAGE 48 OF THE HARRIS COUNTY MAP RECORDS (H.C.M.R.) . . .

(*Id.* at 29).

Eight days later, U.S. Bank noticed the same property for a June 6, 2023 foreclosure sale. (*Id.* at 4, 39). U.S. Bank's notice identified Randolph as the grantor of a deed of trust recorded against property with an address of "7716 Challie Lane, Houston, Texas 77088." (*Id.* at 39). The notice contained the same legal description quoted above, but then continued on with the following metes-and-bounds description:

> SAID 0.0292 ACRE TRACT BEING THAT SAME TRACT OF LAND RECORDED IN HARRIS COUNTY CLERK'S FILE NUMBER (H.C.C.F. NO.) 2010037337 AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS: (BEARINGS ARE BASED ON VOLUME 200, PAGE 48 H.C.M.R.)
>
> COMMENCING at the most easterly corner of said 0.6982 acre tract in the southeasterly line of said Unrestricted Reserve "C";
>
> THENCE N 33° 14' 00" W, a distance of 62.10 feet to a a point;
>
> THENCE S 56° 46' 00" W, a distance of 22.50 feet to a a point at a building corner for the most northerly corner and A POINT OF BEGINNING of the herein described tract;
>
> THENCE S 33° 14' 00" E, a distance of 11.00 feet to a point at a building corner;
>
> THENCE N 56° 46' 00" E, a distance of 2.50 feet to a point at a building corner;
>
> THENCE S 33° 14' 00" E, a distance of 5.00 feet to a point at a building corner,
>
> THENCE S 56° 46' 00" W, a distance of 2.50 feet to a point at a building corner;
>
> THENCE S 33° 14' 00" E, a distance of 4.00 feet to a a point at a building corner;
>
> THENCE S 56° 46' 00" W, in part along the common line of the herein described tract and Lot 14 as recorded in H.C.C.F. No. V409359, a distance of 46.00 feet to a point for corner and the interior corner of said Lot 14;

2

THENCE N 33° 14' 00" W, along the common line of the herein described tract and said Lot 14, at 3.50 feet pass a corner of said Lot 14 and continuing for a total distance of 3.75 feet to a point for corner;

THENCE S 56° 46' 00" W, a distance of 18.00 feet to a point for the most southerly corner of the herein described tract;

THENCE N 33° 14' 00" W, a distance of 18.75 feet to a point for the most westerly corner of the herein described tract;

THENCE N 56° 46' 00" E, in part along the common line of the herein described tract and Lot 12 as recorded in H.C.C.F. No. V434170, a distance of 18.00 feet to a point for corner;

THENCE S 33° 14' 00" E, a distance of 2.50 feet to a point for corner;

THENCE N 56° 46' 00" E, in part along the common line of the herein described tract and aforesaid Lot 12, a distance of 46.00 feet to the A POINT OF BEGINNING and containing 0.0292 acre of land.

(*Id.* at 40-41) (emphasis and highlighting added.)

The parties do not dispute that the referenced document number, highlighted above, contains a typo. It states "2010037337," but the correct document number is 20100378337. Thus, the listed number omitted an 8. Document 20100378337 is a deed that includes the same metes-and-bounds description set forth in the foreclosure sale notice. This typo is also contained in both the deed of trust and the deed into Randolph recorded in 2018. The typo originated in a deed into Randolph's predecessor in interest recorded in 2013.

On May 2, 2023, AAP acquired the property at the HOA's foreclosure sale. *See* (Doc. No. 1-4 at 4). AAP's interest in the Property was short-lived because on June 6, 2023, U.S. Bank conducted the scheduled foreclosure sale that resulted in a conveyance of the property to Tride Global Partners LLC for $110,000. (*Id.* at 42). This lawsuit arises out of U.S. Bank's June 6, 2023 foreclosure sale.

AAP filed this lawsuit in state court on July 12, 2023, and U.S. Bank removed it to this Court on August 14, 2023. In its complaint, AAP brings a wrongful foreclosure cause of action, based solely on the typo noted above—the omitted 8 in the document reference number. AAP contends that the "legal descriptions in the US Bank's Deed of Trust, the US Bank's Notice of Sale, and the US Bank's Trustee Deed all reference a Harris County Clerk document number that does not exist." (*Id.* at 4). AAP complaints that this "irregularity" caused the Property to be sold for a "grossly inadequate price" at the foreclosure sale. Plaintiff seeks actual damages and special damages "of over $1,000,000." (*Id.* at 5).

## II.   Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Similarly, a plaintiff may file a Rule 12(b)(6) motion to dismiss a counterclaim. *See Kansas v. Nebraska*, 527 U.S. 1020 (1999). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual

assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III. Analysis

US Bank moves to dismiss AAP's complaint because failed to plead a plausible claim for wrongful foreclosure. A plaintiff must establish the following elements to be entitled to relief under a wrongful foreclosure claim: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate sales price; and (3) a causal connection between the defect and the grossly inadequate sales price. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). US Bank contends that the alleged facts and public records cannot plausibly establish any of the elements above, and thus the Court should dismiss under Rule 12(b)(6).

*A. Defect in the Foreclosure Sale Proceedings*

Plaintiff argues that it needs further discovery but does not identify what discovery Plaintiff believes it needs. Given that the homeowner's deed, the deed of trust, and notice of sale all contain the same legal description of the Property, including the typographical error, the Court does not see how discovery will change the facts in this case.

"The sufficiency of the legal description in any instrument transferring a property interest is a question of law." *Dixon v. Amoco Prod. Co.*, 150 S.W.3d 191, 194 (Tex. App.—Tyler 2004, pet. denied). "A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty." *AIC Mgmt. v. Crews*, 246 S.W.3d 640, 645 (Tex. 2008). Here, the notice of sale contains within itself sufficient information to identify the property with reasonable certainty.

5

First, the legal description contains the same legal description contained in the HOA foreclosure deed into Plaintiff. Second, the legal description provides a metes-and-bounds description. *See* (Doc. No. 1-4 at 17, 40–41). Either description would be sufficient to identify the Property with reasonable certainty, so there would be no need to refer to the deed containing the typo. The metes-and-bounds description contained within that incorrectly referenced deed is expressly set forth in the notice of sale rather than being incorporated by reference. *See S. Pine Lumber Co. v. Hart*, 340 S.W.2d 775, 780 (Tex. 1960) (providing that a metes-and-bounds description controls over a general reference to another conveyance). Thus, based on these undisputed facts, the Court finds that the legal description was sufficient.

This is further supported by the fact that, even if the referenced document were material in locating and identifying the Property, the document could otherwise be located. The Supreme Court of Texas's decision in *Maupin v. Chaney*, 163 S.W.2d 380, 383 (Tex. 1942) demonstrates that the misidentification of a document referenced in a notice of sale is not a defect in the foreclosure proceedings so long as it can be identified through extrinsic evidence. In *Maupin*, the Supreme Court of Texas determined that a foreclosure sale could be valid even though the deed of trust and accompanying notice of sale incorrectly described the property as "Lot 8" instead of "Lot 28" and referred to a previously recorded deed as being dated "April 18, 1929" instead of "April 9, 1929." *See Maupin*, 163 S.W.2d at 383. The Court articulated the following rule:

> [I]f there appears in the instrument enough to enable one by pursuing an inquiry based upon the information contained in the deed to identify the particular property to the exclusion of others, the description will be held sufficient. . .
>
> . . [T]he same rule that would permit the introduction of extrinsic evidence to aid the description in the voluntary conveyance from the defendants to the trustee would likewise be admissible to sustain the description in the notice of sale and the trustee's deed.

*Id.* The Court ultimately remanded the case for a determination as to whether extrinsic evidence existed to show that the deed intended to be referenced was an April 9, 1929 deed and that no April 18, 1929 deed existed. *Id.* at 384.

A Court can conclude that the legal description in the notice of sale was legally sufficient without resorting to extrinsic evidence. But even if that were not the case, the Court can properly take judicial notice of the certified real property records "to aid the description." *Krystal One Acquisitions, L.L.C. v. Bank of Am., N.A.*, 805 F. App'x 283, 287 (5th Cir. 2020) ("Because the deeds and the filings from prior lawsuits that BANA attached to its dismissal motion were public record, the district court was permitted to consider them in deciding the motion to dismiss."); *Maupin*, 163 S.W.2d at 384 (holding that extrinsic evidence may be used to "aid the description" in a deed of trust and notice of foreclosure sale). It is not difficult to determine that the reference to "2010037337" was meant to be to "20100378337" by simply reviewing the chain of title.[1] The Court therefore agrees with Defendant that "No amount of discovery is going to change this indisputable fact." (Doc. No. 8, at 3). As such, Plaintiff failed to plausibly plead a defect in the foreclosure sale proceeding.

### B. *Grossly Inadequate Sales Price*

Defendant also moves to dismiss Plaintiff's complaint for failure to allege a grossly inadequate sales price (the second element of wrongful foreclosure action).

---

[1] The notice of sale contains the information that allows a person "pursuing an inquiry" to identify the deed intended to be referenced by simply tracing title through the grantor-grantee index. Both U.S. Bank and Plaintiff derived their interests in the property through a common source: the deed into Randolph. *See* (Doc. No. 1-4 at 7, 29). Plaintiff was clearly able to locate that deed, as it is attached to the complaint. (Doc. 1-4 at 21). The deed identifies David D. Eastman as grantor. *Id.* at 21. Searching the records reveals that Eastman acquired his interest from Thomas and Jamie Araujo in 2013. That transfer contained the same erroneous reference to document number "2010037337." The Araujos, however, acquired their interest in 2010 and that deed was recorded as "20100378337." Thus, if a person were to discover that the "2010037337" document did not exist, that person could easily search the property records and deduce that the correct deed is "20100378337."

7

Defendant contends that the property sold for more than 67% of its market value, which is not grossly inadequate as a matter of law. (Doc. No. 3, Ex. C); *See, e.g., FDIC v. Blanton*, 918 F.2d 524, 531-32 (5th Cir. 1991) (providing that property that sells for over 60% of fair market value is not grossly inadequate); *Water Dynamics Ltd. v. HSBC Bank USA, Nat'l Ass'n.*, 509 F. App'x 367, 369 (5th Cir. 2013) ("Texas cases establish that a foreclosure price exceeding 50% is not grossly inadequate."); *Porterfield v. JP Morgan Chase, N.A.*, No. SA-12- CV-815-DAE, 2014 WL 3587783, at *18 (W.D. Tex. July 21, 2014) (providing that sales price that exceed fifty percent of the of the property value was not grossly inadequate as a matter of law); *Christensen v. Bank of Am., N.A.*, No. 5:10-CV-176-C, 2011 WL 7070568, at *3 (N.D. Tex. Nov. 4, 2011) (providing that a sales price that was 58.94% percent of fair market value was not grossly inadequate as a matter of law). Defendant therefore argues that Plaintiff's allegations are insufficient as a matter of Texas law to plausibly plead this second element of the wrongful foreclosure action.

In response, Plaintiff objects to Defendant's Exhibit C, which is from the Harris County Appraisal District. Plaintiff argues that the appraisal is relevant for tax purposes only and should not establish market value. *Gonzalez v. U.S. Bank Nat'l Ass'n*, No. 3:12-CV-1131-D, 2013 WL 12100734, at *3 (N.D. Tex. Feb. 20, 2013), *aff'd sub nom. Gonzalez v. U.S. Bank Nat. Ass'n ex rel. GMAC Mortg., L.L.C.*, 548 F. App'x 118 (5th Cir. 2013) ("Beginning with the DCAD Tax Appraisal, courts in this circuit that have considered similar arguments have rejected them.").

The Court agrees with Plaintiff that the HCAD appraisal cannot establish market value at the motion to dismiss stage. As such, the Court finds that Plaintiff has plausibly pled this second element of its wrongful foreclosure action.

### C. *Causal Connection between the Defect and the Grossly Inadequate Sales Price.*

Finally, Defendant moves to dismiss Plaintiff's complaint on the third element of a wrongful foreclosure action because Plaintiff does not plausibly allege causation between the typographical error and the allegedly "grossly inadequate" sales price. In response, Plaintiff argues that the missing digit in the document referred to in the notice of sale's legal description "likely" caused a "grossly inadequate price" because it created "uncertainty which could have deterred potential buyers." (Doc. No. 7 at 6).

The erroneous document number referred to a deed, therefore any "uncertainty" would only pertain to the legal description of the property. As described above, the legal description was sufficient notwithstanding the referenced document and the notice of sale sufficiently identified the property. Plaintiff does not attack the accuracy of the street address, lot-and-block description, and metes-and-bound description contained in the notice of sale. Thus, a potential buyer would not have any trouble identifying the property with reasonable certainty despite missing digit in the document reference. Plaintiff failed to plausibly plead how one error in the legal description of the Property, which could have easily been identified notwithstanding such error, would cause a grossly inadequate sales price. Plaintiff's claim for wrongful foreclosure is therefore dismissed.

### IV. Conclusion

For the above reasons, the Court hereby GRANTS Defendant's motion to dismiss (Doc. No. 5). Plaintiff's claim is therefore dismissed without prejudice.

Signed at Houston, Texas, this 26th day of February, 2024.

Andrew S. Hanen
United States District Judge

9